UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIALUZ A. BANARES,<br>　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK N.A., et al.,<br>　　　　Defendants. | Case No.  13-cv-04896-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 30 |

　　　　Marialuz Banares has sued Wells Fargo and HSBC as Trustee for Wells Fargo Asset Securities Corportation Mortgage Pass-Through Certificates, Series 2007-8, alleging that the defendants have unlawfully initiated foreclosure proceedings against her. The defendants previously filed a motion to dismiss Banares' initial complaint, which Judge Chen granted, with leave to amend. In his order, Judge Chen stated, "Plaintiff is cautioned that any amendment must account for the Court's ruling herein and be made in good faith in compliance with Fed. R. Civ. P. 11." Dkt. No. 17. The First Amended Complaint is virtually identical to the original complaint and only differs in two respects.

　　　　First, Banares has added the allegation that the defendants are wrongfully foreclosing on her property because neither of the defendants is a "person entitled to enforce the note" under several provisions of the California Commercial Code. But the California Commercial Code is not applicable to nonjudicial foreclosures in California. Rather, nonjudicial foreclosure are exhaustively governed by California Civil Code § 2924 *et. seq*. *See Debrunner v. Deutsche Nat. Trust Co.*, 204 Cal.App.4th 433, 440 (2012).

　　　　Second, Banares has added more to her claim that Wells Fargo violated RESPA, 12. U.S.C. § 2601 *et seq.*, by not responding to what Banares alleges was a "Qualified Written Request" seeking details about the servicing of her loan. In Judge Chen's prior order, he found that

"[p]laintiff has plausibly alleged that the letter was a QWR," but that she failed "to allege how Wells Fargo's failure to respond resulted in damages." To state a claim for a RESPA violation, Banares must show that Wells Fargo's failure to respond caused her actual harm. *See, e.g.*, *Tamburri v. Suntrust Mortgage, Inc.*, 875 F. Supp. 2d 1009, 1014-15 (N.D. Cal. 2012); *Dang v. Residential Credit Solutions, Inc.*, No. C-14-02587-RMW, 2014 WL 5513753, at *7-8 (N.D. Cal. Oct. 31, 2014). In her FAC, Banares adds more detail, claiming she suffered a reduction in credit and will need to retain an attorney and a loan auditor to determine if Wells Fargo had the authority to collect her mortgage payments. But all of her alleged damages are related to her overall theory of wrongful foreclosure, namely, that the various assignments of her loan were ineffective and that neither Wells Fargo nor HSBC had the authority to foreclose. Because the Court has dismissed Banares' wrongful foreclose theory, and because Banares does not allege separate and independent damages that stem directly from Wells Fargo's failure to respond to her questions about the servicing of her loan, Banares' RESPA claim is dismissed.

For these reasons, and for all the reasons identified in Judge Chen's prior order, the case is dismissed. And because Banares has been given a chance to amend and yet filed a virtually identical complaint, the case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: February 4, 2015

_____
VINCE CHHABRIA
United States District Judge